UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Charity Finch** | : | No.   3:15-cv-1715 |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **Angel M. Rivera and** | : | |
| | : | November 20, 2015 |
| **Nadege Rosembert** | | |
| **Defendants** | | |

## COMPLAINT

**Count One**       **42 U.S.C. Section 1983**

**(False imprisonment/unlawful detention/false arrest)**

1. This is an action for money damages to redress the deprivation by the defendant of rights secured to the plaintiff to be free from of false arrest and detention, undue bodily restraint, and the denial of substantive due process rights afforded by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343 and 1367(a) of Title 28 and Section 1983 and 1988 of Title 42 of the United States Code, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Connecticut.

3. Jurisdiction of this Court is invoked, in the state law claims, under the provision of Section 1367 of Title 28 of the United States Code.

4. During all times mentioned in this action, the plaintiff, Charity Finch was, and still is, an adult citizen of the United States, residing in Bronx, NY.

5. Defendant Angel M. Rivera, #697, during all times mentioned in this action, was and still is a resident of Connecticut, and is a duly appointed officer in the Bridgeport Police Department, acting in his official capacity. He is sued, however, only in his individual capacity.

6. Defendant Rivera during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usages, of the State of Connecticut and the City of Bridgeport.

7. Defendant Nadege Rosembert, during all times mentioned in this action, was and is a duly appointed officer in the New York City Police Department, acting in his official capacity. He is sued, however, only in his individual capacity.

8. Upon information and belief, Defendant Rosembert is a resident of Queens, NY.

9. Defendant Rosembert during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of New York, the laws, charter, ordinances, policies, rules, regulations, customs and usages, of the State of New York and the City of New York.

10. Plaintiff was arrested in New York and provided release upon her own recognizance ("ROR") to appear in court.

11. Despite the ROR order the information was not entered into NCIC, and the

notice to detain and hold the plaintiff was either improperly placed and/or not properly removed.

12. On December 8, 2014 the plaintiff was arrested by Defendant Rivera on a Fugitive from justice warrant from New York.

13. The plaintiff displayed paperwork to Defendant Rivera demonstrating that she had a court date to surrender herself, and had been released upon her own recognizance to return to court.

14. Defendant Rivera ignored the plaintiff and took her into custody without attempting to verify the information with the Bronx District Attorney's Office.

15. On December 8, 2014 Defendant Rivera contacted Defendant Rosembert who confirmed the arrest warrant for Charity Finch, without informing Defendant Rivera that the plaintiff was given a ROR.

16. On December 9, 2014 the plaintiff was arraigned in the Bridgeport GA court before the Honorable Robin Pavia.

17. On December 10, 2014, the Bridgeport Police Department received information from the New York authorities, via facsimile, and teletype (aka "National LETS" or National Law Enforcement Teletype System) that New York was not interested in extraditing the plaintiff.

18. The Bridgeport Police Department did not notify the State Attorney's Office in Bridgeport that New York was not interested in extraditing the plaintiff.

19. The plaintiff's grandmother obtained information that the New York authority was not interested in extraditing the plaintiff from the plaintiff's New York counsel and relayed it to the Bridgeport Geographical Area State

      Attorney's Office.

20. The plaintiff remained in custody until December 19, 2014, when the state entered a nolle, effectuating the plaintiff's release.

21. The intentional actions of the defendants were unjustified and unlawful.

22. The defendants knew or should have known that severe emotional distress was the likely result of such conduct.

23. As direct and proximate result of the actions of the defendants, Plaintiff suffered severe emotional distress including great humiliation, embarrassment, anxiety, stress, emotional and mental upset, loss of sleep, and loss of time from personal pursuits.

24. Plaintiff's distress was foreseeable and severe enough to cause illness or bodily harm.

25. In the manner described above, the injuries to the Plaintiff were the direct and proximate result of the intentional actions of the defendants.

26. The intentional acts of the defendants were reckless, wanton, willful and malicious and outside the scope of their official employment.

**Count Two:            Reckless Infliction of Emotional Distress**

1-26. Paragraphs one through twenty six of Count One are hereby incorporated as paragraphs one through twenty six of Count Two.

27. The actions of the defendants constituted a reckless infliction of emotional distress upon the Plaintiff.

**Count Three:            Negligent Infliction of Emotional Distress**

1-24.   Paragraphs one through twenty four of Count One are hereby incorporated as paragraphs one through five four of Count Three.

25.   The defendant's conduct created an unreasonable risk of causing severe emotional distress.

26.   In the manner described above, the injuries to plaintiff were the direct and proximate result of the negligent actions of the Defendant.

27.   The actions of the defendants constituted the negligent infliction of emotional distress upon the Plaintiff.


**Count Four:            Invasion of Privacy**

1- 26.  Paragraphs one through twenty six of Count One are hereby incorporated as paragraphs one through seven six of Count Four.

27.   The actions of the Defendants, specifically the length of the Plaintiff's unlawful detention, constituted an intrusion upon her physical solitude and seclusion.

*Count Five:            False Imprisonment*

1-26.   Paragraphs one through Twenty six of Count One of this complaint are incorporated herein as paragraphs one through twenty six of Count Five of this complaint.

27.   The defendants intentionally acted in concert to restrain the liberty of the Plaintiff, against her will.

28.   As a result of the defendants' conduct, the Plaintiff was harmed.

Charity Finch

By her Attorney


*/s/  Robert Berke*
_____
Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

## DEMAND

The plaintiff requests a trial by jury.

By her Attorney

/s/   **Robert Berke**
_____
Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net

Wherefore, the plaintiff claims:

a) Compensatory damages;

b) Punitive damages;

c) Attorney's fees;

e) Such other relief as deemed fair and equitable.

By her Attorney

**/s/     Robert Berke**
_____
Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06606
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net